DECLARATION OF CANDIDACY A county officer must resign from his county office prior to his becoming a candidate for any other county or state office. A person becomes a candidate when he files his Notification and Declaration with the appropriate election board. The Attorney General has received your letter wherein you request our opinion on the following question: "As provided by statute, must a county officer resign from the county office held upon his declaration as a candidate or upon his filing with the County or State Election Board, as a candidate for another county office or state office." As you have noted, 19 O.S. 131 [19-131] (1973) as amended in 1973 by O.S.L. 1973 C. 92, 1 provides as follows: "(C) A county officer shall not, unless he resigns from the office held by him, be eligible to become a candidate for another county office or state office." The preceding statute makes it clear that a county officer is not eligible to become a "candidate" for any other county or state office unless he resigns from the county office which he then holds. Your question is essentially one which involves a determination of when an officer officially becomes a candidate. In that regard, 26 O.S. 423.2 [26-423.2](a) (1971) provides: " 'Candidate' means a person who has filed a Notification and Declaration of Candidacy for any public office pursuant to 26 O.S. 162 [26-162] (1961), as amended, or any comparable statute, but shall not include any person who has withdrawn or any person whose candidacy is unopposed." Further, 26 O.S. 161 [26-161] (1971) provides: "No person shall be allowed to become a candidate in any general election unless he shall have complied fully and completely with — the provisions of this chapter." Title 26 O.S. 162 [26-162] (1971) provides in relevant part that: "Any qualified elector, as defined in the constitution and laws of the State of Oklahoma, who is a member of a political party, and who is now and has been affiliated with such legally recognized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, of all the filing with the proper officer, within the time provided by law, a Notification and Declaration of Candidacy. . . Said Notification and Declaration, and the accompanying affidavits may be on the same or separate sheets, but shall be filed together or separate sheets, but shall be filed together and at the same time, and when so filed with the proper officer, it shall be the duty of said officer, upon the candidate's compliance with the requirements of this act, to have printed the applicant's name on the ballot, according to the primary election law. . ." It is apparent from a consideration of the preceding sections of the Oklahoma Election Laws, that a person officially becomes a candidate only upon his filing of the Notification and Declaration with the appropriate state or county election board. It is likewise apparent that when such a person holds a county office, he is precluded from officially becoming a candidate unless he resigns the office which he holds. Title 19 O.S. 131 [19-131](C) (1973) essentially provides that before a county officer may become a candidate for any county or state office, then he should resign. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A county officer must resign from his county office prior to his becoming a candidate for any other county or state office. A person becomes a candidate when he files his Notification and Declaration with the appropriate election board. (Steven E. Moore)